UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVELYN J. LUND,    Plaintiff, v. CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,    Defendant. | Case No. 2:13-cv-02318-APG-CWH **REPORT AND RECOMMENDATION** |

## INTRODUCTION

This case involves judicial review of an administrative action by the Commissioner of Social Security ("defendant") denying Plaintiff Evelyn J. Lund's ("plaintiff") application for disability insurance benefits and supplemental security income under Title XVI of the Social Security Act. Before the Court is plaintiff's Motion for Reversal or Remand (doc. # 18), filed May 7, 2014,[1] and defendant's Response and Cross-Motion to Affirm (docs. # 22, # 23),[2] filed July 11, 2014. Plaintiff did not file a reply. This action was referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

## BACKGROUND

In February 2011, plaintiff applied for supplemental security income, alleging an onset date of December 31, 2010. AR[3] 133-40. Plaintiff's claim was denied initially on April 14, 2011. AR 68-72. A hearing was subsequently held before an Administrative Law Judge ("ALJ") on August 30, 2012. AR

---

[1] The record reveals that plaintiff's counsel appears to violate Local Rule IA 10-1(b)(2) by maintaining an office outside of the state of Nevada, but failing to associate with an attorney holding office in the state.

[2] Defendant filed both an opposition to plaintiff's motion and a cross-motion to affirm. See Docs. # 22, # 23. This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to defendant's cross-motion, doc. # 22, even though an identical argument is presented in defendant's opposition, doc. # 23.

[3] AR refers to the administrative record lodged with this Court. See Doc. # 15.

26-59. On September 12, 2012, the ALJ issued a decision finding plaintiff was not disabled from December 31, 2010, through the date of the decision. AR 11-20. The Appeals Council denied plaintiff's request for review on October 23, 2013, rendering the ALJ's decision final.[4] AR 4-9. Plaintiff, on December 20, 2013, commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). See Doc. # 1; see also Doc. # 3.

# DISCUSSION

**1.     Legal Standards**

   **a.     Judicial Standard of Review**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." Id. The Ninth Circuit reviews de novo a decision issued by a district court in such cases. Batson v. Commissioner, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002 (9th Cir. 2005). However, these findings may be set aside if they are based on legal error or not supported by substantial evidence. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings

---

[4] The ALJ's decision becomes the final administrative decision of defendant.

must be upheld if supported by inferences reasonably drawn from the record. Batson, 359 F.3d at 1193. When the evidence supports more than one rational interpretation, a court must defer to the Commissioner's interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Flaten v. Sec'y of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." Id.

**b.  Disability Evaluation Process**

An individual seeking disability benefits has the initial burden of proving disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. Batson, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520 and 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. See 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); see also Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial

and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in substantial gainful activity, then a finding of not disabled is made. If the individual is not engaging in substantial gainful activity, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment, or combination of impairments, that is severe and significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[5] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment, or combination of impairments, does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. See SSR 96-8p. In determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and

---

[5] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. Bray, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

4

1  other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the extent that statements
2  about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not
3  substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the
4  individual's statements based on a consideration of the entire case record. The ALJ must also consider
5  opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs
6  96-2p, 96-5p, 96-6p, and 06-3p.

7  At step four, the ALJ must determine whether the individual has the RFC to perform past relevant
8  work, which means work performed either as the individual actually performed it or as it is generally
9  performed in the national economy within the last fifteen years or fifteen years prior to the date that
10 disability must be established. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). In addition, the work must
11 have lasted long enough for the individual to learn the job and performed as substantial gainful activity.
12 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform
13 his past work, then a finding of not disabled is made. If the individual is unable to perform any past
14 relevant work or does not have any, then the analysis proceeds to step five.

15 The fifth and final step requires the ALJ to determine whether the individual is able to do any other
16 work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and
17 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual
18 generally continues to have the burden of proving disability at this step, a limited burden of going forward
19 with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence
20 that demonstrates other work exists in significant numbers in the national economy that the individual can
21 do. Yuckert, 482 U.S. at 141-42.

22 **2.   The ALJ's Decision**

23 The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520
24 and 416.920. AR 19-29. At step one, the ALJ found that plaintiff had not engaged in substantial gainful
25 activity from the application date of February 28, 2011, not the alleged onset date of December 31, 2010,
26 because plaintiff worked after the alleged onset date and only stopped working after she was laid off. AR
27 16, 38, 157. At step two, the ALJ found that plaintiff had severe impairments of neck disorder, sleep
28 apnea, chronic obstructive pulmonary disease, right foot and ankle disorder, back disorder, cysts of the

1  right shoulder, and obesity.  The ALJ also noted that evidence existed showing plaintiff had gastro-
2  esophagal reflux disease, knee impairment, hypertension, and that plaintiff was a candidate for a post lap-
3  band procedure for weight loss.  AR 16.  At step three, the ALJ found that plaintiff did not have an
4  impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R.
5  Part 404, Subpart P, Appendix 1.  AR 17.  Under step four, the ALJ found that plaintiff had the RFC to
6  perform sedentary work as defined in 20 C.F.R. § 416.967(a),[6] and could perform her past relevant
7  sedentary work as a telephone solicitor.  AR 17-20.  Based on the testimony of a vocational expert, under
8  step five, the ALJ determined that plaintiff could perform her past relevant work as a telephone solicitor
9  without having to perform work precluded by her RFC.  AR 20.  Accordingly, the ALJ concluded that
10 plaintiff was not disabled from the application date of February 28, 2011 until the date of the decision.
11 Id.

### 3.    Analysis

Plaintiff seeks reversal or remand of the ALJ's decision, claiming the ALJ erred by failing to adequately articulate reasons for finding plaintiff not credible and concluding that plaintiff retains the ability to perform her past relevant work as a telephone solicitor.  See Doc. # 18 at 3.  Plaintiff explains the ALJ failed to offer a sufficient rationale or specific findings for his decision, and completely disregarded plaintiff's testimony regarding her subjective symptoms, which constitutes reversible error. Id. at 6-7, 12.  Indeed, per plaintiff, it appears the ALJ simply rejected plaintiff's testimony based on a belief that her testimony was not supported by objective medical evidence.  Id. at 7.  Plaintiff also contends that her ability to perform some work is "not reason enough to find her not credible," and while her daily activities offer more insight into her credibility, these activities do not "detract from her credibility as to her overall disability."  Id. at 9.  Plaintiff further contends that defendant cannot now attempt to "articulate a post hoc rationale to fill in the gaps of the ALJ's inadequate analysis," which therefore compels this Court to reverse and remand the instant case.  Id. at 13-14.

Defendant, in opposition, argues the ALJ articulated valid reasons for finding plaintiff not fully

---

[6] Specifically, the ALJ found that plaintiff could: (1) lift ten pounds occasionally and less than ten pounds frequently; (2) stand or walk two of eight hours; (3) sit six of eight hours; (4) occasionally climb ladders or stairs; (5) occasionally stoop, kneel, crawl, crouch, balance, and bend; and (6) perform frequent reaching but only occasional overhead reaching with the right upper extremity.  AR 17.  However, the ALJ determined that plaintiff could not: (1) climb ladders, ropes, or scaffolds; and (2) perform constant rotation, flexion, or extension of the neck.  Id.

credible, with those reasons supported by substantial evidence. See Doc. # 22 at 4. Defendant first points out the ALJ properly considered that plaintiff had stopped working "due to a lack of business" rather than due to her impairments. Id. (citing AR 16, 38, 157). Defendant next points out the ALJ properly discussed plaintiff's self-reported daily activities, such as plaintiff's ability to do housework, prepare meals, care for a pet, drive, read, and watch television. Id. at 5 (citing AR 17, 174-77). Defendant then points out the ALJ properly considered that plaintiff's treatment was effective, with plaintiff's treating physician, Dr. McGehee, even concluding that termination of treatment was appropriate because plaintiff "did not need to see her anymore." Id. (citing AR 18, 40-41, 47). Defendant also points out that plaintiff repeatedly stated that medication relieved her symptoms, with treatment notes from 2011 and 2012 further supporting plaintiff's assertions. Id. (citing AR 18, 397, 414, 425). Moreover, defendant points out the ALJ considered that objective medical evidence did not support the degree or severity of symptoms alleged by plaintiff. Id. at 6 (citing AR 18-19). Defendant further points out the ALJ observed that plaintiff's work history fluctuations suggested she was not motivated for long-term permanent work. Id. (citing AR 19). Defendant therefore concludes the ALJ identified numerous reasons for finding plaintiff only "partially credible." Id. Plaintiff did not file a reply.

An ALJ may reject a claimant's testimony about the severity of his or her symptoms based upon specific, clear, and convincing reasons. See Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding that a claimant is less than fully credible, an ALJ is required to identify specific facts in the record demonstrating the claimant's symptoms are less severe than claimed. Id. at 592. An ALJ may also consider other factors in weighing a claimant's credibility, including reputation for truthfulness, inconsistencies in testimony, inconsistencies between testimony and conduct, daily activities, and unexplained or inadequately explained failures to seek treatment or to follow a prescribed course of treatment. See Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007).

Contrary to plaintiff's assertions, the Court finds the ALJ properly considered various aspects of plaintiff's case, including the reason for plaintiff's loss of work, plaintiff's self-reported daily activities, the adequacy of plaintiff's treatment, the effect of medication on plaintiff's symptoms, the treating physician's decision to cease plaintiff's treatment, objective medical evidence in the record, the degree or severity of plaintiff's alleged symptoms, and plaintiff's work history fluctuations. Indeed, this Court

finds the ALJ provided specific, clear, and convincing reasons for finding plaintiff not fully credible, and plaintiff has failed to rebut this showing. As such, the Court finds the ALJ's credibility determination must be upheld as a reasonable interpretation supported by substantial evidence.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Reversal or Remand (doc. # 18) be **denied**.

**IT IS FURTHER RECOMMENDED** that defendant's Cross-Motion to Affirm (doc. # 22) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: February 10, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**